1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION., a Delaware corporation,<br><br>Applicant,<br><br>v.<br><br>ANNA'S LINENS COMPANY,<br><br>Defendant.<br>_____/ | No. C 06-80009-Misc.  MMC (WDB)<br><br>**REPORT AND RECOMMENDATION IN THE FORM OF AMENDED RULING ON EEOC'S APPLICATION TO ENFORCE ADMINISTRATIVE SUBPOENA** |

On April 5, 2006, the Court heard oral argument in connection with the EEOC's Application to Enforce Administrative Subpoena.  On April 6, 2006, the Court issued an Order on this Application.  At that time, however, the Court did not appreciate that our ruling was to take the form of a Report and Recommendation to the District Court.   Appreciating that now, and because the parties did not consent to jurisdiction of a Magistrate Judge to dispose of the matter, we now recast our earlier ruling from an Order to a Report and Recommendation.  Given this change, the parties now have ten days to seek reconsideration of this ruling by the District Court.  Other than the deadline for Anna's Linens to respond to the EEOC's subpoena (as set forth below), the substance of the initial ruling has not been altered.

Having considered the briefs and arguments of the parties, and for the reasons stated on the record, the Court issues the following report and RECOMMENDS as follows:[1]

### **Jurisdiction**

Preliminarily, Anna's Linens contends that, under the Fifth Circuit case of *EEOC v. Hearst*, 103 F.3d 462 (5th Cir. 1997), the EEOC does not have jurisdiction to enforce its subpoena, because the Commission lost its right to investigate charges against Anna's when it issued right-to-sue letters to the individual complainants in a related class action. As an out-of-circuit case, however, *Hearst* is not binding on this court, and, in any event, the case does not apply. There still exist administrative charges pending against Anna's Linens for which the EEOC has *not* issued right-to-sue letters. The court in *Hearst* was explicit that, "[n]othing in this opinion should be construed as holding that the EEOC may not seek the same information that it seeks in these subpoenas, so long as it is on the basis of a different individual charge or a Commissioner Charge." *Hearst*, 103 F.3d at 470. There is no jurisdictional impediment to the EEOC's enforcement of its subpoena against Anna's Linens.

### **Subpoena Request No. 1**

It is RECOMMENDED that the District Court GRANT the EEOC's Application for Enforcement of Administrative Subpoena as to Request No. 1 as follows:

---

[1] Following a series of negotiations, the parties resolved all but two issues in enforcement of the subpoena: (1) the scope of Request No. 1, which seeks information on applicants nationwide not hired by Anna's Linens for the period of January 1, 2002 to the present; and (2) Anna's Linens' right to a protective order for documents produced under Request Nos. 1, 2, and 16.

**By June 19, 2006,** Anna's Linens must produce to the EEOC the information sought in the request for all applicants for Non-Management positions at **all** Anna's Linens retail stores **nationwide** who were not hired by Anna's Linens.

This nationwide production is appropriate in light of the charging documents underlying the EEOC's investigation, which alleged nationwide discriminatory pattern and practices, as ordered by the Chief Executive Officer, against African-American men in the initial hiring of sales associates and in the promotion of employees to the "key-holder" position. *See e.g.,* Declaration of Scott Doughtie at Exs. 2 & 3; *see also EEOC v. Shell Oil Company*, 466 U.S. 54, 69-73 & fn. 26 (1984).

## **Protective Order**

It is RECOMMENDED that the District Court DENY Anna's request for a protective order with respect to documents produced under Request Nos. 1, 2, and 16. The request is premature.

During its initial investigatory stage, the EEOC is under a statutory mandate not to disclose information. That is, under Title VII, it is "unlawful for any officer or employee of the Commission to make public in any manner whatever any information obtained by the Commission pursuant to its authority under this section prior to the institution of any proceeding" under the Act. *See* Section 709(e) of Title VII, 42 U.S.C. 2000e-8(e). At this time, therefore, there is no danger *anyone* but the EEOC will have access to the information Anna's Linens seeks to protect. Should a third party seek to subpoena information gathered during the investigation *after* the investigation has concluded, Anna's will be notified of such an event, and at that time may move to quash the subpoena or seek some other form of protection for documents it has produced to the EEOC.

Dated:   May  15, 2006

*/s/ Wayne D. Brazil*
_____
WAYNE D. BRAZIL
United States Magistrate Judge